61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Lee MOORE, a/k/a Mr. B, Defendant-Appellant.
 No. 94-5592.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 12, 1995.
 
 Dale Buck, Burke Street Law Center, Martinsburg, WV, for Appellant. Rebecca A. Betts, United States Attorney, Paul A. Billups, Assistant United States Attorney, Huntington, WV, for Appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Brian Lee Moore appeals his convictions and sentences for distribution of cocaine base ("crack") in violation of 21 U.S.C. Sec. 841(a)(1) (1988). On appeal, Moore's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing one issue but stating that, in his view, there are no meritorious issues for appeal. Although given an opportunity, Moore has not filed a pro se supplemental brief. After a thorough review of the briefs and the record, we affirm.
 
 
 2
 The Government presented evidence that Moore sold substances appearing to be crack cocaine on three separate occasions to two different cooperating witnesses. The witnesses testified to the crack sales and tapes recording the sales were played and entered into evidence. Analysis proved the substances sold to be crack cocaine.
 
 
 3
 Defense counsel vigorously cross-examined government witnesses who participated in the drug transactions, showing them both to be cocaine users and prostitutes who received money for their cooperation. He also attempted to cast doubt on whether it was Moore's voice that was recorded on the tapes. Defense counsel moved for acquittal at the end of the Government's evidence. Moore did not testify.
 
 
 4
 The jury found Moore guilty of three violations of 21 U.S.C. Sec. 841(a)(1). The district court sentenced him to three concurrent terms of imprisonment of sixty-three months each with three years of supervised release. The district court accepted Moore's correction to the quantity of drugs in the presentence report; however, his offense level remained unchanged.
 
 
 5
 In his Anders brief, Moore's attorney suggests that the district court may have erred by refusing to allow defense counsel to conduct individual voir dire. However it is well settled that a trial judge may conduct voir dire without allowing counsel to pose questions to individual jurors. Fed.R.Crim.P. 24(a); United States v. Bakker, 925 F.2d 728, 734 (4th Cir.1991). In addition, the district judge did allow defense counsel to personally question the jury venire on whether they could render an impartial judgment given that Moore might not testify himself, that he was a black man, and that he was charged with the crime of distributing crack cocaine. Also, the case did not create any undue pretrial publicity or otherwise present unusual circumstances that might merit individual voir dire. Accordingly, we cannot say the district court abused its discretion in denying defense counsel's motion to conduct individual voir dire. Bakker, 925 F.2d at 734.
 
 
 6
 We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 The district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED